## J. A. Rudy & Sons v. Fidelity & Casualty Co. of New York.

(Decided Feb. 23, 1937.)

J. D. MOCQUOT for appellant.

WHEELER & SHELBOURNE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment sustaining a demurrer to and dismissing the petition in an action to recover on an indemnifying bond.

Briefly stated, the facts pleaded are: On February 15, 1924, appellee issued to appellants a bond by which it agreed to indemnify them against the loss of any money or other personal property through the embez-

zlement, larceny, forgery, or theft, wrongful abstraction, or any other act of fraud or dishonesty on the part of any one of its employees. The bond was renewed from year to year, and was in full force and effect on February 15, 1932, and prior to April 1, 1933. On April 1, 1932, appellee issued a second bond to the same effect. While the first bond was in full force and effect, and prior to February 15, 1932, the employee misappropriated $490.60, and during the period when the second bond was in full force and effect, and prior to April 1, 1933, said employee misappropriated the sum of $1,000. Each of said bonds contained the following provisions:

"4. In the event of the death of any employee during the term of this bond; or of the suspension, dismissal or retirement from the service of the employer of any employee during the said term; or of the removal by the employer of the name of any employee from the said schedule; this bond shall thereupon terminate as to such employee without any action on the part of the surety. In the event of the cancellation or termination of this bond as to any employee, whether by notice or otherwise, the right to make a claim hereunder as to such employee shall cease at the end of six months after such termination.

"5. Upon the discovery by the employer of any dishonest act on the part of any employee the employer shall, at the earliest practicable moment, and at all events not later than five days after such discovery, give written notice thereof addressed to the surety at its home office. Affirmative proof of loss under oath, together with full particulars of such loss, shall be filed with the surety at its home office within three months after such discovery. Legal proceedings for recovery hereunder may not be brought until three months have elapsed after such proof of loss has been filed with the surety, nor brought at all unless begun within six months after such proof of loss has been filed with surety. If any limitation set forth in this condition or in condition numbered 4 above is prohibited by the statutes of the state in which this bond is issued, the said limitation shall be deemed to be amended to agree with the minimum period of limitation permitted by such statutes."

On August 13, 1935, appellants prepared and sent the appellee at its home office due and proper proof of loss under each of said bonds. Said proof was made within thirty days after the discovery of the misappropriation. Said embezzlement and misappropriation were not discovered by appellants until on or about the —— day of July, 1935. It could not have been discovered sooner by the exercise of ordinary care and diligence. Appellee received said proof and refused to pay the claim. The plea of limitation set forth in clause 4 of the policy is in contravention of the Statutes of Kentucky, and the claim of appellants is not barred by the Statutes. Judgment in the sum of $1,490.60, with interest from November 18, 1935, was prayed.

It will be observed that clause 4, supra, provides for the termination of the bond on the death, suspension, dismissal, or retirement from the service of any employee, or the removal by the employer of the name of any employee from the schedule, and then provides that "the right to make a claim hereunder as to such employee shall cease at the end of six months after such termination." It was not alleged in the petition that claim was made within six months after the termination of the bond, but that was admitted and the facts were so pleaded as to challenge the validity of the provision. Clearly, it is not unreasonable or contrary to public policy. It merely imposes upon the employer the duty of taking prompt action after the employee has left his service to discover whether the employee has been guilty of embezzlement, misappropriation or the like, and if he has, to make claim within six months, to the end that the surety company may arrest the defaulting employee or take other action for the protection of its rights. The effect of the provision is to make the contract one of insurance against loss for which a claim is made within six months after the termination of the contract. Ballard County Bank's Assignee v. United States Fidelity & Guaranty Co., 150 Ky. 236, 150 S. W. 1, Ann. Cas. 1914C, 1208. There can be no question as to the validity of the provision unless, as claimed by counsel for appellant, it is rendered ineffective by the concluding language of clause 5, "If any limitation set forth in this condition or in condition numbered 4 above is prohibited by the statutes of the state in which this bond is issued, the said limitation shall be deemed to be

amended to agree with the minimum period of limitation permitted by such statutes.'' If clause 4 dealt with the time within which suit should be brought, there might be some merit in the contention. The concluding language of that clause does not declare when suit shall be brought, or refer in any way to the bringing of a suit. It deals with and refers entirely to the time within which claim shall be made. We have no statute prescribing the time within which a claim for loss under a policy of indemnity may be filed, or forbidding the surety from placing in the policy a provision limiting the time. It follows that the provision of clause 4 in question is not rendered ineffective or changed in any way by the concluding language of clause 5. The demurrer to the petition was properly sustained.

Judgment affirmed. Whole court sitting.